COFFIN, Executor, v. THE CITY COUNCIL OF DAVENPORT.

1. Appeal: MOTION FOR NEW TRIAL: CONSTITUTIONAL LAW. So much of section 2, chapter 49, Laws of 1866, as provides that it shall not be necessary, where the parties waive a jury and the cause is tried to the court, in order to secure to either party the right to have the case reviewed on appeal, to file a motion for a new trial in the District Court, is not in conflict with article 5, section 4 of the State Constitution, which provides that the Supreme Court shall have ju-

Coffin v. City Council of Davenport.

risdiction only in cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the General Assembly may prescribe.

2. Corporation municipal: INDEBTEDNESS: TAXATION: MANDAMUS. Where the ordinary expenses of carrying on the government of a municipal corporation require all of the proceeds arising from a tax, which is the full limit the corporation is authorized to levy, it cannot be compelled to apply a part of such fund to the payment of a judgment held by a creditor against it.

3. —— But if it be shown that the valuation and assessment of property within the corporation is purposely made too low in order to avoid the payment of its outstanding indebtedness, it will be compelled by mandamus to make a fair assessment of the property, and apply in payment of such judgment, of the proceeds arising from the maximum tax levied thereon, such overplus as may remain after deducting the amount required for the current expenses of the municipal government.

*Appeal from Scott District Court.*

TUESDAY, FEBRUARY 2.

ACTION of mandamus under chapter 153 of the Revision of 1860. The plaintiff states that he holds certain judgments against the city of Davenport, amounting to 10,000 dollars, specifying the dates of recovery, amount, etc. ; that executions have been issued, and returned no property ; that the city has no property subject to execution ; that the assessed value of the taxable property therein is about $5,000,000 ; that such assessed value is not more than half the real cash value ; that it is purposely assessed below its real value, to make it appear that the city is unable to pay its indebtedness ; that the council has levied a general tax of five mills, the extent of its authority, and a road tax of three mills ; that the council have expended the revenue of the city without providing for the payment of its debts, which they have no intention of paying ; that, in addition to its bonded

debt, the city has a floating debt created by orders or warrants, and new indebtedness is in this way being created, and the taxes are principally paid in such orders or warrants; that the council intend to apply the taxes to the payment of this floating debt, in preference to plaintiff's judgment; that the city council claims as an excuse for not paying its debts, that all the revenue is required to pay the necessary current expenses, but such claim is false, and the council are constantly making appropriations not strictly necessary. The plaintiff asks a mandamus that the taxable property be assessed at its real value; that a portion of the general revenue be collected in money and set apart for the payment of plaintiff's judgments; that a special tax in addition to the five mill general tax, be levied for the payment of said judgments, and for general relief, etc. The answer denies most of these allegations, except the judgments and demand of payment, and avers that the five mill general tax, and the three mill road tax, is the full amount the city council has authority to levy; that all the proceeds of such taxes are required for the ordinary and necessary expenses of the city government; that if the city must pay plaintiff's judgments in preference to its orders or warrants, the city government must cease to exist, etc.

The cause was tried to the court upon oral and documentary evidence, and the court made the following findings: That plaintiff held the judgments, as stated, and had demanded payment thereof; that the taxable property of the city of Davenport, for the year 1868, will be over $5,000,000, much of said property being valued only at from one-half to two-thirds its real value; that all the revenue derived from the taxable property for the year 1867 — the valuation of taxable property for that year being $4,600,000 — was used, if not needed to carry on the city government; that for the year 1868, there will

not probably be required more revenue for city purposes than was raised in 1867; that the said city can, for the year 1868, without interfering in any way with its legitimate operations, by causing a fair valuation of the taxable property in the city, raise a sum in addition to the sum necessary to pay expenses of city government, sufficient to pay at least one-half of plaintiff's judgments.

As a matter of law I find that the city can levy a tax of five mills to the dollar for general purposes and no more; and that the fund raised by this tax is the proper one out of which to pay plaintiff's judgments. That plaintiff is entitled to the writ asked for, which writ will require that so much of the ordinary yearly revenue of defendant for the year 1868, as will be sufficient to pay one-half of the plaintiff's judgments, be collected in money, and set apart and applied to such purpose, and that the balance of said judgments, and interest and costs, be paid in like manner in the year 1869." Judgment was rendered accordingly. The defendants appeal.

*George P. Whitcomb* for the appellants.

*Putnam & Rogers* for the appellee.

Cole, J. — There was no motion made in the District Court for a new trial. No jury was demanded or expressly waived, but the cause was tried to the court and the facts and law found, as shown by the foregoing statement. Under our Code, the pleadings and proceedings in an action in which a mandamus is claimed are the same, as nearly as may be, as in an ordinary action. Rev. § 3766; see also, §§ 2611, 2612; and our Constitution provides (art. 5): "Sec. 4. The Supreme Court shall have appellate jurisdiction only in cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the

1. APPEAL: motion for new trial: constitutional law.

general assembly may by law prescribe." \* \* \* By chapter 49 of Laws of Eleventh General Assembly (Laws of 1866, p. 433,) it is also provided : " Sec. 2. In any cause tried in the District Court, where the parties thereto waive a jury, and try the same to the court, it shall not be necessary, in order to secure to either party feeling aggrieved, the right to appeal, that the court shall find the facts and conclusions of law, and make the same a part of the record in such case; nor shall it be necessary for such party to file a motion for a new trial; but in all such cases, the Supreme Court shall, on appeal, hear and determine the same in all respects as if such finding of facts and conclusions of law appeared of record, or a motion for a new trial had been made, whenever it shall appear from the certificate of the judge trying the same, or the agreement of the parties thereto, or their attorneys of record, or, in case the evidence is all taken by deposition, from the certificate of the clerk of such District Court, that the transcript contains all the evidence introduced by the parties on the trial of the cause in the court below."

The appellee insists, upon these constitutional and statutory provisions, that, since there was no motion for a new trial, and the cause is an *ordinary* action, this court must hear and determine it upon errors at law only; and if the law of 1866 seeks to authorize the hearing of the cause as an *appeal*, that is, a trial *de novo*, on the merits, as in chancery cases, it is so far unconstitutional and void; and that no error of *law* can be assigned on the *facts* without a motion for a new trial.

Heretofore, where a cause was tried to a jury, and a motion for a new trial on the ground that the verdict was contrary to the evidence, was made and sustained, or overruled by the court, this court would review the action of the District Court in sustaining or overruling such

motion, on the theory that such ruling, if erroneous, was an error of law. Now, while the act of 1866 is most unskillfully and clumsily drawn, yet a liberal interpretation of it will justify us in holding that the intention of the legislature was to do away with the necessity of a formal motion for a new trial, and to have the court treat the cause as if such motion was made and entered of record. In this view, so much of the act as declares such motion unnecessary, is not in conflict with the constitutional provision above quoted. The statute itself may be regarded as a standing motion in all cases.

Upon the facts, we need only remark, without reviewing them at length, that they fail to satisfy us that the 2. CORPORATION city can, after defraying its ordinary and MUNICIPAL: indebtedness: necessary expenses, pay one-half of plaint-taxation: mandamus. iff's judgments each year. The most liberal view will not enable the city to pay more than a small margin over the tax realizible from the excess of the valuation of 1868 over that of 1867 ; that tax will, by the evidence, yield about $2,000, possibly a little over, but not exceeding one-fourth of the aggregate amount of plaintiff's judgments.

The plaintiff will, therefore, be permitted to take a modification of his judgment, requiring the payment of one-fourth of his judgments, interest and costs, in each of the four years, commencing with 1868, or the judgment will be reversed and remanded for a new trial. In either case the appellee will pay the costs in this court.

Reversed.

DILLON, Ch. J., being a resident and tax payer of the city of Davenport, did not sit in this case.