## POLK & HUBBELL v. WINETT *et al.*

**Mandamus: TO COMPEL COUNTY AUTHORITIES TO LEVY TAX.** Mandamus will not issue to compel the board of supervisors of a county to levy a tax for the payment of a judgment rendered upon a warrant issued for ordinary expenses and bridge purposes, when it appears that they have levied the maximum rate allowed for those purposes for that year.

*Appeal from Carroll Circuit Court.*

FRIDAY, JUNE 20.

ACTION for a mandamus. The plaintiffs in their petition allege that on the 27th day of May, 1870, they recovered, in said Carroll circuit court, a judgment against Carroll county for the sum of $3,964.44 debt, besides costs, which (except four small payments that are stated) still remains in full force and unpaid; that on the 17th day of November, 1870, they also recovered in said court another judgment against said Carroll county for the sum of $5,489.08, besides costs, which is still in full force and unsatisfied; that said county has no property, not exempt from execution, out of which the plaintiffs can make said judgments or any part thereof; that the defendants are the acting board of supervisors for said county, whose duty it is by law to levy a tax sufficient to pay off said judgments; that when they were legally convened as a board of supervisors, and on the 9th of July, 1872, the plaintiffs requested and demanded that they levy a tax sufficient to pay said judgments, interest and costs, which they failed and refused to do. The plaintiffs ask a writ of mandamus to compel them to so levy a tax and for other relief.

The defendants for answer admit that they compose the board of supervisors for Carroll county; that the plaintiffs obtained the judgments and they are unpaid as stated; that the demand for the levy of the tax was made and refused as alleged; and the defendants aver that said judgments were

rendered on ordinary county warrants issued to pay ordinary expenses of the county, such as officers' salaries, jurors' fees, etc., and for building of bridges, and payable out of the ordinary county and bridge revenue; that they have no power to levy a tax to pay said judgments exceeding four mills on the dollar for any one year for ordinary revenue, and three mills for bridge-fund; that they had levied the full rate allowed for 1872, and the same was necessary to meet the ordinary current expenses; that the county indebtedness was already in excess of five per cent upon its taxable property, and could not be increased; that it is not practicable to levy the tax before September, 1873.

The plaintiffs demurred to this answer, because the facts it stated did not constitute a defense. This demurrer was sustained, and the defendants refusing to answer further, judgment was rendered for plaintiffs as asked. The defendants appeal.

*Manning & Hastings* for the appellants.

*Polk, Hubbell & Goode* for the appellees.

COLE, J. — The question involved by the demurrer to the answer is, whether the board of supervisors having already levied a tax for the current year to the full limit of its power to levy for ordinary and bridge revenue, may be required to levy a further tax for the payment of a judgment rendered upon warrants issued for ordinary expenses and bridge purposes? The circuit court answered this question in the affirmative. The defendants appeal and insist upon a negative answer.

This question was, in effect, answered in the negative, by the majority opinion in the case of *The Iowa Railroad Land Co.* v. *Sac County* (decided at the present term,) where it was *held* that a board of supervisors had no power or authority to levy a tax to pay a judgment rendered upon warrants issued for ordinary and bridge revenue, where they had in the same year levied the maximum rate allowed

for those purposes. The writer hereof dissented from that holding. But we are quite agreed in the opinion that, if the board of supervisors have no power or authority, under the statute, to levy a tax to pay such a judgment, a court cannot confer upon them the power, and hence cannot compel them by mandamus to levy the tax. For, it is well settled that mandamus, in such cases, can only issue to compel a board or officer to do that which the law authorizes and requires to be done. *McCready* v. *Sexton*, 29 Iowa, 356.

The members of the court severally adhering to the views expressed in the opinions filed in the case of *The Iowa Railroad Land Co.* v. *Sac County*, *supra*, it follows that the judgment in this case must be                              Reversed.