## CLAY COUNTY *v.* McALEER & Another.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF IOWA.

Argued November 18, 1885.—Decided December 7, 1885.

Judgment was recovered in the Circuit Court against a county in Iowa, on which execution was issued, which was returned unsatisfied. By statute of Iowa the county was authorized to levy and collect a tax of six mills on the dollar of the assessed value of taxable property, for ordinary county revenue. The judgment creditor commenced proceedings in the same court for a mandamus commanding the county officers to set apart funds to pay the debt, or to levy and collect sufficient tax for the purpose. By the pleadings it was admitted that the whole amount of the tax for a current year was necessary for the ordinary current expenses of the county. On an application by a judgment creditor of the county to compel the levy of an amount sufficient to pay the judgment which was recovered in the Circuit Court of the United States : *Held,* That on the facts pleaded and admitted no case was made justifying a writ of mandamus.

The facts which make the case are stated in the opinion of the court.

*Mr. George G. Wright* for plaintiff in error.

*Mr. John Mitchell* for defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This record shows that Michael McAleer recovered a judgment on the 21st of October, 1864, in the Circuit Court of the United States for the District of Iowa, against Clay County, for $9,172.50. Upon this judgment sundry payments have

been made, but there still remains due more than $5000. When the debt in judgment was contracted, the power of the county to levy a tax for ordinary county revenue was limited to four mills annually on the dollar of the assessed value of taxable property; afterwards this was increased to six mills, which is the authorized rate now.   On the 2d of May, 1881. the administrators of the judgment creditor, he being dead, petitioned the Circuit Court for a mandamus directing the county " to set apart of the funds in their hands, and of the revenues collected and to be collected for and during the year 1881, and to pay over the same in an amount sufficient to satisfy said judgment, interest, and costs, and, if the amount shall not be sufficient, that then the defendant be compelled to levy for the year 1882 an amount sufficient to pay the said judgment and interest and costs, and for such other relief as may be proper in the premises."   The answer states that the full amount of taxes allowed by law for the ordinary revenue of the county was levied for the years 1880 and 1881, and that these levies were all required, and more too, for the proper maintenance of the county government.   It is also stated that no part of the revenues for these years could have been devoted to the payment of the judgment " without seriously impairing the efficiency of said government."   The answer concludes as follows: " That the maximum levy for said purpose for the year 1882 will not be sufficient to pay the ordinary current expenses of said county, and that no part thereof can be applied for the payment of said judgment without seriously impairing the efficiency of said county government."   To this answer the relators demurred, and, upon the hearing, the court ordered " that the peremptory writ of mandamus issue commanding the board of supervisors  .  .  .  forthwith to levy a tax of one mill on the dollar of the assessed valuation of the property of said Clay County  .  .  .  for 1882, and to be collected with the taxes of the current year, 1882, and to pay the same upon the judgment of relator, and that they levy and collect, and pay over a tax of one mill on the dollar each year until relator's judgment, interest, and costs are fully paid."   To reverse this judgment the present writ of error was brought.

It is conceded "that the court cannot order the board of supervisors to levy a tax in excess of the amount provided by statute in a case like the one under consideration." Such was the effect of the decision of this court in *United States* v. *Macon County*, 99 U. S. 582, and the courts of Iowa have uniformly held the same way. *Coffin* v. *Davenport*, 26 Iowa, 515; *Polk* v. *Winett*, 37 Iowa, 34; *Iowa Railroad Land Co.* v. *County of Sac*, 39 Iowa, 124. It is claimed, however, that the court might properly order one mill of the six-mills tax authorized by law to be levied separately from the rest, and set apart specially for the payment of the judgment. It was said in *Beaulieu* v. *Pleasant Hill*, 4 M'Crary, 554, that this might be done where the full levy was not required to defray the current expenses chargeable upon the ordinary revenue fund, and such is the effect of *Coy* v. *City of Lyons*, 17 Iowa, 1. But here the answer shows affirmatively that the whole of the six-mill levy of 1882 will not be sufficient to pay the ordinary current expenses of the county. No effort was made to have the answer more specific and certain, so as to show what the whole amount of the tax would be, and in what way it was to be expended, but the relators were content to go to a hearing upon a general demurrer to the answer as it stood. We must, therefore, assume the fact to be that a special tax cannot be levied to pay the judgment without embarrassing the county in the administration of its current affairs.

It was held in *East St. Louis* v. *United States ex rel. Zebley*, 110 U. S. 321, decided since the judgment in this case below, that "the question what expenditures are proper and necessary for the municipal administration is not judicial; it is confided by law to the discretion of the municipal authorities. No court has the right to control that discretion, much less to usurp and supersede it. To do so, in a single year, would require a revision of the details of every estimate and expenditure, based upon an inquiry into all branches of the municipal service; to do it for a series of years, and in advance, is to attempt to foresee every exigency and to provide against every contingency that may arise to affect the public necessities." This, we think disposes of the present controversy. It is true

that was a case in which a bondholder was seeking payment out of the ordinary revenue fund after the special tax authorized by law to be levied for his benefit had been exhausted, but the balance due him was just as much a charge on the ordinary revenue fund as if there had been no other provision in his favor. *United States* v. *Clark County*, 96 U. S. 211. In *Coy* v. *City of Lyons, supra,* the municipal authorities had levied a tax of five mills only, when by the charter they could have levied ten mills. In this way they showed that the full tax was not needed for current purposes, and the court was therefore free to require them to proceed with the execution of the power which had been conferred by law, until the judgment creditor was paid. But in *Coffin* v. *Davenport,* 26 Iowa, 515, the same court held that "when the ordinary expenses of carrying on the government of a municipal corporation require all the proceeds arising from a tax, which is the full limit the corporation is authorized to levy, it cannot be compelled to apply a part of such fund to the payment of a judgment held by a creditor against it." The case of *Beaulieu* v. *Pleasant Hill, supra,* is to the same effect, for there the order was to levy the special tax for the payment of the judgment, unless it should be made to appear upon a further return that the power had been already exhausted, and that the fund raised had been properly appropriated.

It follows that the judgment of the court below ordering the levy of a tax of one mill for the benefit of the relators, upon the facts stated in the answer and admitted by the demurrer, was erroneous, and that it must be reversed.

*The judgment is reversed, and the cause remanded for further proceedings according to law.*