[No. 2211.  Decided May 26, 1896.]

Portland Savings Bank, *Appellant*, v. The City of Montesano *et al.*, *Respondents*.

INTEREST — CITY WARRANTS — MANDAMUS TO COMPEL TAXATION.

General fund warrants issued as a substitute for warrants drawn on a special fund should be so drawn that when paid they will amount to no more than the amount for which the latter were drawn, with simple interest thereon.

Courts have no power by mandamus to require the levy of a special tax by a municipal corporation to provide for the payment of warrants drawn on a special fund, although without such levy there can be no immediate payment of such warrants, where the corporation has already levied a tax to the extent it is authorized to levy, and has exhausted the proceeds in the payment of necessary current expenses.

Appeal from Superior Court, Chehalis County.— Hon. MASON IRWIN, Judge.    Affirmed.

*T. D. Scofield (George D. Scofield, of counsel), for appellant.*

*Austin E. Griffiths, for respondents.*

The opinion of the court was delivered by

HOYT, C. J.—By this action plaintiff sought to secure a judgment against the defendant, the city of Montesano, upon certain warrants drawn upon the electric light fund which it was alleged had been created by the city, and to compel by mandamus the levy of a tax for the payment of such judgment. The court granted a writ of mandamus, requiring the city to take up the warrants and issue in place thereof warrants upon the general fund of the city, but refused to require the levy of a tax for the payment of such warrants.

The first claim of appellant is that the court should have allowed interest upon the amount found due as interest upon the electric light warrants. If this had been done the appellant would have been put in a better position than he would have been in if the warrants had been drawn on the general fund in the first instance. But there was nothing in the case that tended to show that such warrants were of greater force than those drawn upon the general fund. Interest upon general fund warrants could not be com-

pounded; and for that reason the warrants issued in place of the electric light warrants were rightfully so drawn that when paid they would amount to no more than the amount for which the electric light warrants were drawn with simple interest thereon.

The next and principal claim of appellant is founded upon the refusal of the court to require the levy of a special tax to pay the amount found due upon the electric light warrants. Respondent, the city of Montesano, before answering the questions raised by the appellant, urged that the judgment should be reversed and the cause remanded with instructions to dismiss the proceeding, for the reason that the court below had no jurisdiction to grant the relief prayed for. If it had been in a position to urge this objection, it would present a question of such importance that we should consider it entitled to the gravest consideration, as, in our opinion, it is very doubtful whether the pleadings were such as to entitle the appellant to any relief whatever.

The action was upon warrants which, under the circumstances, if payable at all were payable out of the general fund of the city, and there was no attempt to show that there had been any refusal by the city to apply moneys available for that purpose to their payment. But the city, though preserving exceptions to the findings and decree of the court, took no appeal, and for that reason is not in a position to urge these considerations.

In answer to that part of the complaint and affidavits which sought to secure an order requiring the levy of a special tax to pay the warrants in question or the judgment to be rendered thereon, the respondent interposed an answer, from which it appeared that under the law applicable to cities of its class, it was only

authorized to levy a tax of ten mills on the dollar of the taxable property in the city; that it had levied a tax in that amount, and that the entire receipts therefrom had been absorbed in paying warrants issued for necessary current expenses of the city; that for these reasons it had been unable to provide a fund for the payment of the electric light warrants.  The facts so set up were not controverted, and in view of them we think the superior court rightfully refused to require the levy of a special tax for the purpose of paying such warrants.

Under circumstances substantially like those disclosed by this answer courts have generally held that it was not within their power to require the levy of a special tax, even although it was shown that without such levy there could be no immediate payment of a debt which the city owed; the principle announced being that so long as the city was levying all the taxes that it could, creditors must wait until there was money out of which they could, under the law, be paid.   See 15 Am. & Eng. Enc. Law, 1140, and authorities cited under note 8; Dillon, Municipal Corporations (4th ed.), p. 1028, note 1; *United States v. County of Macon*, 99 U. S. 582; *East St. Louis v. United States*, 110 U. S. 321 (4 Sup. Ct. 21); *Clay County v. McAleer*, 115 U. S. 616 (6 Sup. Ct. 199); Cooley, Taxation (2d ed.), pp. 43, 44 and 45, and notes thereunder.

Under all the circumstances shown by the record we are satisfied that the appellant obtained as favorable a judgment as it was entitled to, and, the city not having appealed, it must be affirmed.

DUNBAR, ANDERS and SCOTT, JJ., concur.