**CRAWFORD COUNTY TRUST & SAVINGS BANK v. CRAWFORD COUNTY, IOWA, et al.**

**FARMERS' STATE BANK OF DOW CITY, IOWA, v. SAME.**

**CRAWFORD COUNTY TRUST & SAVINGS BANK OF DENISON, IOWA, v. SAME.**

Nos. 9548–9550.

Circuit Court of Appeals, Eighth Circuit.
Jan. 25, 1933.

Addison G. Kistle, of Council Bluffs, Iowa (L. W. Powers, of Denison, Iowa, on the motion), for appellants.

L. H. Salinger, of Carroll, Iowa (Andrew Bell and Cloid Level, both of Denison, Iowa, on the motion), for appellees.

Before STONE and VAN VALKEN-BURGH, Circuit Judges.

PER CURIAM.

These are suits to recover taxes alleged to have been assessed in violation of law upon the stock of stockholders in the several banks, the taxes being paid by said banks, as stated in the petitions, to avoid the accumulation of penalties and collection by distress and sale of the bank's property.

The matters before us for consideration are motions of appellees to dismiss the appeals on the ground that these cases are not within the jurisdiction of either the trial or appellate court, in that: (a) These are not controversies involving $3,000 exclusive of interest and costs; and (b) that the relief sought is a mandatory direction for refund of taxes by the county treasurer or a money judgment against the county, neither of which is within the court's jurisdiction.

In No. 9549, which is typical, plaintiff's original bill was for recovery of $3,600, alleged to be the amount of taxes improperly levied and paid by the appellant bank. Later on certain items of plaintiff's claim for refund, aggregating $1,700, were by the court stricken from its petition, reducing its cause of action to $1,900; thereafter plaintiff filed an amended and substituted petition to comply with the direction of the court without intending to abandon its exception to rulings concerning portions of the original petition as amended. All these matters, therefore, are now before this court on appeal. However, appellee insists that the various shares of stock assessed were divided among eight persons, no one of whom could have a demand as large as $3,000 growing out of the taxation complained of. The same substantial situation exists, so far as the record before us shows, and so far as the question before us is concerned, with respect to cases Nos. 9548 and 9550.

The suit is brought by the bank as plaintiff for itself and on behalf of the holders of the stock assessed. The petition prays that the plaintiff have judgment against Crawford county for the amounts illegally assessed and paid, and that all the defendants, which include the officers of the county, be enjoined from proceeding to collect taxes for the year 1930 which would be in excess of taxes legally due.

It is unnecessary to discuss the merits. The contention here is, as justifying the motion to dismiss, that the real parties in interest are the stockholders, and that the bank, if a proper party, is not such to the extent of being able to aggregate the tax claims in order to present a case involving the jurisdictional amount. This contention is based largely, if not exclusively, as to jurisdictional amount, upon the decision of this court in First National Bank of Woodbine, Iowa, v. Harrison County, 57 F.(2d) 56. In that case the court held that distinct money interests belonging to litigants cannot be added together to create jurisdiction in federal courts not otherwise existing, and that the court sitting in equity has no jurisdiction to issue writs of mandamus. In that case not only the bank, but the stockholders, were named jointly as plaintiffs. That is an important distinction from the case at bar so far as the pleading itself is concerned. There were several questions for consideration in the Woodbine Case: (a) Jurisdiction of the action; (b) whether individual members of the board of supervisors should have been made parties; (c) whether appellants should have asserted and maintained their rights before administrative boards of the state of Iowa; (d) whether sufficient claims were filed before the proper authorities prior to the commencement of that action; and (e) whether the statute of limitations had run against a portion of the claims.

The court held, in effect, that no claim of an individual shareholder amounted to $3,000, and that the tax assessed against the bank was separate and distinct from that assessed against the shareholders who were joint plaintiffs with the bank; on this ground jurisdiction was denied. It was also shown that the appellants had not resorted to administrative remedies for relief, provided under the Iowa law, before the institution of that action. It was further held that a court sitting in equity has no jurisdiction to issue a writ of mandamus except in aid of jurisdiction previously acquired or after failure of the ordinary methods of execution; further, that appellants were not entitled under the laws of Iowa to a money judgment in the alternative as claimed.

We can make no criticism of the disposition of that case upon the facts shown. We hold that, in this case, the bank alone is the party plaintiff seeking to recover money it has paid out on behalf of its stockholders upon an alleged illegal assessment; the interests of its stockholders, of course, being involved to a certain extent, and their interests as stockholders being stated in the petition for the purpose of settling the entire transaction, entitling plaintiff to recover, before the court. In view of the previous decisions of this court and of the Supreme Court, the Woodbine Case cannot be construed as going so far as to hold that a court of equity is without power to enforce its decrees by mandamus in aid of execution if necessary, nor that a litigant entitled to sue in the federal court, because of a violation of rights guaranteed by the Fourteenth Amendment, cannot recover for money illegally extorted from it in the guise of taxes, nor that a bank required to pay taxes assessed against its stockholders cannot sue in its own name as the real party in interest either to enjoin such collection or to recover money thus wrongfully taken from it. The Supreme Court of the United States, in Cummings v. Merchants' National Bank, 101 U. S. 153, 25 L. Ed. 903, has held that the bank may so recover under a statute of Ohio less favorable to appellee than that of Iowa; particularly where such assessments are made habitually, intentionally and systematically. First National Bank v. City of Hartford, 273 U. S. 548, 47 S. Ct. 462, 71 L. Ed. 767, 59 A. L. R. 1.

Section 1322 of the Iowa Code Supplement of 1913 provides for the manner of assessment of shares of stock of national banks and state and savings banks and loan and trust companies.

Section 1325, Code 1897, is as follows: "Corporation liable. The corporations described in the preceding sections shall be liable for the payment of the taxes assessed to the stockholders of such corporations, and such tax shall be payable by the corporation in the same manner and under the same penalties as in case of taxes due from an individual taxpayer, and may be collected in the same manner as other taxes, or by action in the name of the county. Such corporations may recover from each stockholder his proportion of the taxes so paid, and shall have a lien on his stock and unpaid dividends therefor. If the unpaid dividends are not sufficient to pay such tax, the corporation may enforce such lien on the stock by public sale of the same, to be made by the sheriff at the principal office of such corporation in this state, after giving the stockholders thirty days' notice of the amount of such tax and the time and place of sale, such notices to be by registered letter addressed to the stockholder at his post-office address, as the same appears upon the books of the company, or is known by its secretary."

This court had that section before it in Hannan v. First National Bank, 269 F. 527, a case substantially identical in principle with that before us. The opinion, by Judge Munger, holds that a national bank, required by the laws of the state to pay the tax assessed against its shareholders on their stock, may maintain a suit to test the validity of the tax, and the total amount of the tax on all its shares involved determines the amount in controversy for the purpose of federal court jurisdiction. It further holds that, as a fiduciary liability is imposed on the bank for the payment of the total amount of the tax imposed, the bank is the real party in interest in a suit to enjoin the collection from the assets; being compelled to pay to avoid penalties and distress, it can certainly recover an amount illegally exacted. This is substantially the holding of this court in McFarland v. Central National Bank of Topeka, Kansas, 26 F.(2d) 890, 892.

This is true, as stated by the Supreme Court in Cummings v. Merchants' National Bank, supra, because the bank is acting in a fiduciary capacity as an agent of the stockholders—an agency created by the statute of the state. If it pays an unlawful tax assessed against its stockholders, they may resist the right of the bank to collect it from them. If it pays, it may be subjected to a separate suit by each shareholder. Its position, involving a trust relation, authorizes a court of equity to see that it is protected in the exercise of the duties appertaining to it. To prevent a multiplicity of suits, equity may interfere. It seems to us, therefore, that, beyond any question, the bank is the proper party in interest; that it has a right to maintain this suit independently of the individual stockholders; and that it has done so in the case at bar. It has a right in equity to obtain adequate relief which involves a money judgment if it prevails against Crawford county. No writ of mandamus is prayed in these cases. If it obtains judgment, the question of the method demanded in execution of that judgment may thereafter arise, but that can have no bearing upon the right of plaintiff in these cases.

Judgments against Iowa counties in federal jurisdictions have been considered by the Supreme Court in many reported decisions. Thomson v. Lee County, 3 Wall. 327, 18 L. Ed. 177; Lee County v. Rogers, 7 Wall. 181, 19 L. Ed. 160; Smith v. Sac County, 11 Wall. 139, 20 L. Ed. 102; Lynde v. Winnebago County, 16 Wall. 6, 21 L. Ed. 272; Carroll County v. United States, 18 Wall. 71, 21 L. Ed. 771; Cromwell v. County of Sac, 96 U. S. 51, 24 L. Ed. 681; Mills County v. Burlington & M. River R. Co., 107 U. S. 557, 2 S. Ct. 654, 27 L. Ed. 578; Clay County v. McAleer, 115 U. S. 616, 6 S. Ct. 199, 29 L. Ed. 482.

Our judgment is that the motions to dismiss the appeals should be denied. It is so ordered.