# EAST ST. LOUIS & THE TREASURER OF EAST ST. LOUIS *v.* UNITED STATES *ex rel.* ZEBLEY.

### IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ILLINOIS.

Submitted January 23d, 1884.—Decided February 4th, 1884.

*Illinois Statute—Municipal Corporation—Taxation.*

The charter of East St. Louis limited the right of taxation for all purposes to one per centum per annum on the assessed value of all taxable property in the city, and required the city council to levy a tax of three mills on the dollar on each assessment for general purposes, and apply it to the interest and sinking fund on its bonded debt : *Held,* That the use of the remaining seven-tenths was within the discretion of the municipal authorities, and was not subject to judicial order in advance of an ascertained surplus.

*Mr. J. M. Freels* and *Mr. B. H. Canby* for plaintiffs in error.

*Mr. T. C. Mather* for defendant in error.

Mr. JUSTICE MATTHEWS delivered the opinion of the court.

The relator having recovered judgments in the Circuit Court of the United States for the Southern District of Illinois upon bonds issued by the city of East St. Louis, a municipal corporation of that State, was awarded in this proceeding a peremptory mandamus.  The directions of the judgment are as follows:

"That said defendant, the city of East St. Louis, do, through its proper corporate authorities, levy and collect full one per cent.

per annum taxes upon the assessed and equalized valuation of all the real and personal taxable property of said city for the year A. D. 1883, and subsequent years, until the full payment and discharge of all balance due upon said judgments in said petition mentioned, with lawful interest thereon, and the costs of said suits wherein said judgments were obtained, as also the costs of this suit.

"It is hereby further ordered and adjudged that said city do, through its proper corporate authorities, annually, commencing with the year A. D. 1883, appropriate and set apart three thousand dollars out of three-tenths of said one per cent. levy, and the sum of ten thousand dollars out of the remaining seven-tenths of said one per cent. levy, as a special fund for the payment of said judgments, interests and costs until the same are fully paid and discharged.

"It is further ordered and adjudged that said city annually, through its proper corporate authorities, pay over said sums, so soon as collected, to petitioner's attorney of record, to be applied toward the payment of said judgments, interest, and costs.

"It is further ordered and adjudged that said city do annually, for the year A. D. 1883 and subsequent years, until said judgments, interest, and costs are fully paid, exercise, through its proper corporate authorities, to the full extent of its charter provisions, all its powers and resources of taxation and revenue derivable from all sources whatever; and that it do, through its said corporate authorities, appropriate, use, and expend its said revenues in the most rigid and economical administration of its municipal affairs, to the end that said judgments, interest and costs may be paid as speedily as possible. And it is ordered and adjudged that whatever funds remain at the end of each fiscal year, if any, after such economical administration of its affairs, as above ordered, that it apply the same in further liquidation of said judgments."

The cause having been duly submitted to the court without the intervention of a jury, the court made the following special findings:

"1st. That said city of East St. Louis is organized and existing under a special act of the legislature of Illinois, approved March 26th, 1869, entitled 'An Act to reduce the charter of East St. Louis, and the several acts amendatory thereto, into one act, and

to revise the same,' and that the bonds upon which the judgments of relator were rendered were issued under and in pursuance of said act.

" 2d. That said city, by its said charter, is limited in its power to tax for all purposes to an 'annual tax not exceeding one per centum per annum' upon the assessed value of all the taxable property in said city.

" 3d. That said charter requires that a registry shall be kept of all bonds issued, and that the city council shall levy and collect a tax not exceeding three mills on the dollar upon each annual assessment made for general purposes, for the purpose of paying the interest on such bonds, and to provide a sinking fund to liquidate the same.

" 4th. That said city has no power of taxation other than said annual tax of one per cent. above mentioned, and no other source of revenue except that derived from licenses, which amount annually to the sum of $35,000, of which sum $16,000 is derived from the licensing of dram-shops, and one-half of this sum is required by said charter to be paid over to the treasurer of school township No. 2 north, range 10 west, in St. Clair County, Illinois, for the use and benefit of the public school fund.

" 5th. That the assessed valuation of all the taxable property in said city is $3,500,000.00.

" 6th. That the bonded debt of said city is $300,000.

" 7th. That petitioner's judgments aggregate the sum of $55,000.00.

" 8th. That said city has no money or surplus funds in its treasury with which to pay petitioner's judgments, or any part thereof, and no means of paying them except that derived from taxation and licenses.

" 9th. That said city has heretofore expended the sum of, to wit, $75,000 per annum, to defray the current expenses of the city government and the different departments thereof, but the court finds that such sum is not necessary for the present and future years.

" 10th. And, finally, the court find from the evidence that the $10,000 ordered to be appropriated from the seven-tenths of one per cent. of the tax levy of 1883 and subsequent years, and applied to the payment of said judgments, is not required to defray the necessary current expenses of said city, and further find that the

three thousand dollars ordered to be appropriated from the three-tenths of one per cent. and applied to the payment of said judgments is petitioner's pro rata share of said three-tenths of said one per cent."

The plaintiff in error has no reason to complain of so much of the command of this judgment as requires it to levy and collect an annual tax to the full amount of one per cent. upon the assessed value of the taxable property subject thereto, and to apply three thousand dollars out of three-tenths thereof to the payment of the interest and principal of the relator's judgments. That levy is authorized by its charter, and that proportion of it is expressly pledged to the payment of the interest on, and redemption of its bonded debt, and the particular sum mentioned and appropriated to the relator's judgments is only the proper proportion to which they are entitled.

The further award of the annual sum of ten thousand dollars to the relator, payable out of the remaining seven-tenths of the one per cent. levy cannot be justified. That fund, by the terms of the charter of the city, under which the bonds were issued, is authorized for the purpose of paying the necessary current expenses of administration, not including payments on account of the bonds of the municipal corporation. And admitting that any surplus of such fund, in any year, remaining after payment of such expenses, ought to be applied to the payment of the interest and principal of the bonds, that could only be required when such surplus should have been ascertained to exist. In the present judgment the court has undertaken to foresee it, and by mandamus to compel the city, by limiting its expenditures for its general purposes, to create the surplus which it appropriates. But the question, what expenditures are proper and necessary for the municipal administration, is not judicial; it is confided by law to the discretion of the municipal authorities. No court has the right to control that discretion, much less to usurp and supersede it. To do so, in a single year, would require a revision of the details of every estimate and expenditure, based upon an inquiry into all branches of the municipal service; to do it for a series of years, and in advance,

is to attempt to foresee every exigency and to provide against every contingency that may arise to affect the public necessities.

Because the judgment orders the payment to the relator of the sum of ten thousand dollars, annually, out of the seven-tenths of the levy of one per cent., it is reversed with costs in this court;-

*And the cause is remanded, with direction to enter a judgment in conformity with this opinion.*