## HARSHMAN *v.* KNOX COUNTY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Submitted April 22, 1887. — Decided May 27, 1887.

Allegations of material facts and of traversable facts in a declaration which are necessary to be proved in order to support a recovery, are confessed by a default; and in mandamus against the proper municipal officers to enforce the collection of a tax to pay the judgment entered against a municipal corporation upon such default, the respondent is estopped from denying such allegations.

Mandamus to enforce the collection of a tax to pay a judgment against a municipal corporation being a remedy in the nature of an execution, nothing can be alleged by the respondent to contradict the record of the judgment.

*Ralls County* v. *United States*, 105, U. S. 733, explained.

THIS was a proceeding by mandamus against the Justices of the county court of Knox County to compel them to levy a tax sufficient to pay a judgment for $77,374.46, obtained by the relator, Harshman, on the 28th of March, 1881, against that county, in the Circuit Court for the Eastern District of Missouri.

The information alleged that "said judgment was recovered upon bonds and coupons issued by the said county in part payment of a subscription made by the said county on the 9th day of June, 1867, to the capital stock of the Missouri and Mississippi Railroad Company, a railroad company duly organized under the laws of the state of Missouri; that said subscription was authorized by a vote of the people of said county at a special election held pursuant to an order of the

county court of said county, on the 12th day of March, 1867, under the 17th section of c. 63 of the general statutes of Missouri of 1866, then in force; that at said election two-thirds of the qualified voters of said county voted in favor of and assented to the making of said subscription; that relator has requested the said county court and the justices thereof to levy a special tax upon all property in said county made taxable by law for county purposes, and upon the actual capital that all merchants and grocers and other business men may have invested in business in said county, and to cause the said tax to be collected in money, and when collected to be applied in payment and discharge of said judgment; that the said county court and the justices thereof have refused and neglected to levy the said tax; that the said county has no property out of which the said judgment can be levied, and that relator has no other adequate remedy at law."

The respondents made return to the alternative writ substantially as follows: They admitted that the judgment of the relator was recovered upon bonds and coupons issued by the county of Knox in part payment of two subscriptions made by said county to the capital stock of the Missouri and Mississippi Railroad Company; but they denied that said subscriptions or either of them were authorized by a vote of the people of that county at either a general or special election held pursuant to an order of the county court of said county on the 12th day of March, 1867, or at any other time, under the 17th section of c. 63 of the General Statutes of Missouri, then in force. They denied that two-thirds of the qualified voters of Knox County ever voted in favor of or assented to making any subscription to the capital stock of the Missouri and Mississippi Railroad Company. They averred that, in point of fact, on the 13th of May, 1867, the county court of said county made a subscription to the capital stock of said company in the sum of $100,000, and on the 2d of May, 1870, the said court made a further subscription to the capital stock of said company in the sum of $55,000. That in payment of both of these subscriptions, the said court issued bonds in the denominations of $500 and $50; that fifty-eight of the relator's

said bonds were of the first of these issues, and sixty were of the second; that both of these subscriptions were made without the assent of two-thirds of the qualified voters of the county, and, indeed, without any vote being taken at all, and against the will of said qualified voters; that they were made by authority only of § 13 of the charter of the Missouri and Mississippi Railroad Company, being an act of the General Assembly of the state of Missouri, entitled "An act to incorporate the Missouri and Mississippi Railroad Company," approved February 20, 1865; that each of relator's said bonds contained a recital that it was issued under and pursuant to orders of the county court of Knox County to the Missouri and Mississippi Railroad Company, for subscription to the capital stock of said company, as authorized by said act, to incorporate the Missouri and Mississippi Railroad Company, approved February 20, 1865; and that said court had each year since the issue of said bonds levied a tax of one-twentieth of one per cent. upon the assessed value of all the taxable property in said county, and had caused the same to be extended on the tax books of said county for each year, and had had said tax collected for the purpose of paying said bonds and coupons; that Knox County had no money in its treasury with which to pay the relator's judgment, and that the judges of Knox County had no legal authority to levy any other or greater taxes than the taxes as hereinbefore stated, and no legal authority or power to levy or cause to be collected the special tax which the relator sought to have imposed.

On the coming in of this return, the relator moved the court to quash the same on the ground that the matters and things therein set forth were inconsistent with and contradictory to the record of the judgment in the case. This motion was overruled by the court, to which ruling an exception was taken.

An answer to the return was filed by the relator, in which were set forth the various steps and proceedings taken, as therein alleged, by the authorities and people of the county of Knox, in respect to the issue of the bonds on which the judgment was founded, claiming that an election was duly had by

an order of the county court under the authority of the general laws of Missouri, in virtue of which the subscription to the stock of the railroad company was made and the bonds in question issued. To this answer a replication was filed, and the case was submitted to a jury.

On the trial, as appeared by a bill of exceptions duly taken, the relator offered to read in evidence the petition, summons, marshal's return, and judgment referred to in the information. On objection made by the respondents, the court ruled that these papers could not be read unless the relator would also read the bonds filed with said petition, to which ruling the relator excepted. The relator then put in evidence the said papers and also the said bonds.

The petition in the original action set out, "that on the 9th day of June, 1867, defendant subscribed to the capital stock of the Missouri and Mississippi Railroad Company, a railroad company duly organized under the laws of this state, the sum of one hundred thousand dollars; that said subscription was authorized by a vote of the people of said county of Knox at a special election held pursuant to an order of the county court of said county on the 12th day of March, 1867, under the 17th section of c. 63 of the General Statutes of Missouri of 1866, then in force; that at said election two-thirds of the qualified voters of said county voted in favor of and assented to the making of said subscription; that in part payment of said subscription defendant, by its county court, executed and issued divers bonds with coupons for interest attached; that by each of said bonds defendants promised to pay to bearer, at the National Bank of Commerce, in the city of New York, on the first day of February, 1878, the sum of five hundred dollars, with interest at the rate of seven per cent per annum; that said coupons for interest were made and are payable on the first day of February of each year between the issuing of said bonds and the maturity thereof; that by each of said coupons defendant promised to pay bearer the sum of thirty-five dollars, being one year's interest on the bond to which it was attached. That, in further payment in part of said subscription, defendant executed and issued divers other bonds

with coupons for interest attached · that by each of said bonds defendant promised to pay to bearer, at the National Bank of Commerce, in the city of New York, on the first day of February, 1880, the sum of five hundred dollars, with interest at the rate of seven per cent per annum; that said coupons for interest were made payable on the first day of February of each year, between the issuing of said bonds and the maturity thereof; that by each of said coupons defendant promised to pay to bearer the sum of thirty-five dollars, being one year's interest on the bond to which it was attached."

The petition also set out that the plaintiff was the bearer and owner of divers of said bonds and coupons, designated by numbers. The return of the summons showed that the writ was duly served, and judgment was rendered thereon March 28, 1881, by default, which set forth that "this action being founded upon certain bonds and coupons for interest thereon, issued by said defendant, and described in the petition, the court finds that the plaintiff has sustained damages by reason of the non-payment thereof in the sum of $77,374.46. It is, therefore, considered by the court, that the plaintiff, George W. Harshman, have and recover of the defendant, the county of Knox, as well the said sum of $77,374.46, the damages aforesaid by the court assessed, as also the costs herein expended, and have thereof execution."

Each of the bonds contained the following recital: "This bond being issued under and pursuant to order of the county court of Knox County for subscription to the stock of the Missouri and Mississippi Railroad Company, as authorized by an act of the General Assembly of the state of Missouri, entitled 'An act to incorporate the Missouri and Mississippi Railroad Company,' approved February 20, 1865."

The issues of fact submitted to the jury were as follows:

"First. Was there an election held under the orders of the county court read in evidence, and did two-thirds of the qualified voters voting at said election cast their votes in favor of the subscription by the county court to the stock mentioned in said orders?

"Second. Was the subscription to stock to the railroad com-

pany actually made, not, as recited in said bonds, under the charter of the Missouri & Mississippi Railroad Co., but under the general law, whereby the authority to make such subscription and issue bonds therefor was dependent on the vote of the people; in other words, has the relator proved that, despite the recitals in the bonds, they were not issued as recited, but under the general law, and that said recitals in the bonds were made through mistake or inadvertence."

At the conclusion of the evidence the court instructed the jury, "that to overcome the recitals in the bonds issued by the county court under its seal, the evidence must be clear and positive, full and explicit, and that the burden of proving the alleged mistake, so as to overthrow the said recitals, is upon the relator in this case," and "that the evidence to overcome said recitals is insufficient."

In answer to these questions, the jury found in the affirmative on the first, and in the negative on the second; and thereupon the court entered a judgment in favor of the respondents, in which it was recited that it appeared to the court "that there was an election held under orders of the county court of Knox County, and that two-thirds of the qualified voters voting at said election cast their votes in favor of the subscription by the said court to the stock mentioned in its orders, but that the subscription to the stock of the Missouri and Mississippi Railroad Company was actually made and the bonds issued, not as alleged in the petition and alternative writ in this case, under the general law of the state of Missouri, but solely under and by virtue of an act of the General Assembly of the state of Missouri, entitled 'An act to incorporate the Missouri and Mississippi Railroad Company,' approved February 20, 1865." Laws of Missouri, 1865, p. 86.

The charter of the Missouri and Mississippi Railroad Company, referred to, incorporated it with power to construct a railroad from the town of Macon, in the county of Macon, in the state of Missouri, through the town of Edina, in the county of Knox, in said state, and thence to or near the northeast corner of said state, in the direction of Keokuk, in Iowa, or Alexandria, Missouri. The 13th section was as follows:

" Sec. 13. It shall be lawful for the corporate authorities of any city or town, the county court of any county desiring so to do, to subscribe to the capital stock of said company, and may issue bonds therefor, and levy a tax to pay the same, not to exceed one-twentieth of one per cent upon the assessed value of taxable property for each year." Ib. p. 88.

On the other hand, §§ 17 and 18 of the General Railroad Law (Gen. Stat. Missouri, 1865, p. 338) provide as follows:

"Sec. 17. It shall be lawful for the county court of any county, the city council of any city, or the trustees of any incorporated town, to take stock for such county, city, or town in, or loan the credit thereof to, any railroad company, duly organized under this or any other law of the state: *provided*, that two-thirds of the qualified voters of such county, city, or town, at a regular or special election to be held therein, shall assent to such subscription.

"Sec. 18. Upon the making of such subscription by any county court, city, or town, as provided for in the previous section, such county, city, or town shall thereupon become, like other subscribers to such stock, entitled to the privileges granted and subject to the liabilities imposed by this chapter, or by the charter of the company in which such subscriptions shall be made; and in order to raise funds to pay the instalments which may be called for from time to time by the board of directors of such railroad, it shall be the duty of the county court, or city council, or trustees of such town, making such subscription, to issue their bonds or levy a special tax upon all property made taxable by law for county purposes, and upon the actual capital that all merchants and grocers and other business men may have invested in business in the county, city, or town, to pay such instalments, to be kept apart from other funds, and appropriated to no other purpose than the payment of such subscription. . . ."

*Mr. T. K. Skinner* and *Mr. J. B. Henderson* each filed a brief for plaintiff in error.

*Mr. James Carr* and *Mr. George D. Reynolds* for defendants in error.

There were two laws under which the subscription could be made, and the bonds in question issued in payment of said subscription by Knox County to the Missouri and Mississippi Railroad Company. The one was the charter of the railroad company, and the other was the general railroad law.

Under the charter of the Missouri and Mississippi Railroad Company the county court of Knox County could make a valid subscription to said company without the assent of two-thirds of the qualified voters of said county, but the County Court in levying a tax to pay the same was limited to a sum not to exceed one-twentieth of one per cent upon the assessed value of the taxable property for each year.

Under the general railroad law it was not lawful for the county court of Knox County, or any other county, to subscribe to the capital stock of any railroad company, without the assent of two-thirds of the qualified voters of the county; but there was no restriction upon the amount of the levy which it was the duty of the county court to make.

Only *parties* and *privies* are estopped by a judgment. *Stacy* v. *Thrasher*, 6 How. 44. The defendants were neither parties nor privies to the judgment which the relator recovered against Knox County. They had no right to call witnesses to testify in their favor, to cross-examine the witnesses introduced by the opposite side; to control the defence, or to sue out a writ of error. As they were not parties to said judgment, they are not estopped from showing that the allegations in the relator's petition, upon which he recovered said judgment by default, are false. *Hale* v. *Finch*, 104 U. S. 261; *Railroad Co.* v. *Nat. Bank*, 102 U. S. 14; *Wood* v. *Davis*, 7 Cranch, 271.

Even if the defendants had been parties to said action in which said judgment was recovered, they would not be estopped from showing the actual contract between Knox County on one side and the Missouri and Mississippi Railroad Company and the holders of the bonds issued to it under and in pursuance of said contract on the other side. It has already been shown that the county court of Knox County had no authority or power to subscribe to the capital stock of the Missouri

and Mississippi Railroad Company under the General Statutes of Missouri without the assent of two-thirds of the qualified voters of the county. And if the county court had put such a recital into the bonds, it could not by such false recital create an obligation to levy a tax under the General Statutes, and thereby estop the defendants from showing that the subscription was made and the bonds issued under the charter of the Missouri and Mississippi Railroad Company. Rights cannot be created and duties imposed by false recitals, where there is a total want of power. *Carroll County* v. *Smith*, 111 U. S. 556; *School District* v. *Stone*, 106 U. S. 183; *Norton* v. *Shelby County*, 118 U. S. 425; *Daviess County* v. *Dickinson*, 117 U. S. 657.

The judgment by default being rendered on a false allegation, the respondents have a clear right to disprove them and to show the actual contract between the parties. *Davis* v. *Brown*, 94 U. S. 428; *Packet Co.* v. *Sickles*, 5 Wall. 580.

When the well settled canon of construction, *expressio unius est exclusio alterius*, is applied to this recital, it is conclusive that the subscription was made and the relator's bonds issued in part payment thereof, under and by authority of the 13th section of the charter of the Missouri and Mississippi Railroad Company only. *United States* v. *Macon County Court*, 99 U. S. 582.

Estoppels must estop both parties, or they will not estop either party. They must be mutual. Bigelow on Estoppel, 98 (4th ed.); *Petrie* v. *Nuttall*, 11 Exch. 569; *Railroad Co.* v. *National Bank*, 102 U. S. 14; *Carroll County* v. *Smith*, 111 U. S. 556, 562; *School District* v. *Stone*, 106 U. S. 183.

The relator having partially opened the record is estopped from objecting to the defendants' treating the whole record as opened. This is the practice in courts of equity where a complainant seeks the means of carrying into effect a decree or judgment rendered in another litigation between the same parties, or parties claiming under them when the decree or judgment does not provide the means of execution. In such case the court will look into the original cause of action and ascertain whether the complainant is entitled to have the court

aid him in carrying into effect the original decree or judgment. The general rule of *res judicata* has the foregoing qualification. Bigelow on Estoppel, 96, 97 (4th ed.); *O'Connell* v. *MacNamara*, 3 Drury & Warren, (Sugden Dec.) 411; *Hamilton* v. *Houghton*, 2 Bligh, 169; *Bean* v. *Smith*, 2 Mason, 299.

The relator's own bonds showed on their face that they had been issued under and by authority of the charter of the Missouri and Mississippi Railroad Company. They imparted full notice to him of the authority under which they had been issued. If he had followed up the notice he would have ascertained that the county court of Knox County is restricted in levying " a tax to pay the same not to exceed one twentieth of one per cent upon the assessed value of taxable property for each year." *State* v. *Shortridge*, 56 Missouri, 126; *United States* v. *Macon County*, 99 U. S. 582; *State* v. *Macon County*, 68 Missouri, 29.

The defendants, as justices of Knox county court, are officers of the state of Missouri with their powers and duties well defined. *Reardon* v. *St. Louis County*, 36 Missouri, 552, 561; *St. Louis, &c.* v. *County Court*, 34 Missouri, 546; *Steines* v. *Franklin County*, 48 Missouri, 167, 188; *Ray County* v. *Bentley*, 49 Missouri, 236; *Ralls County Court* v. *United States*, 105 U. S. 733; *Anthony* v. *County of Jasper*, 101 U. S. 693.

The county court of Knox County has annually levied a special tax of one twentieth of one per cent as authorized by the charter of the Missouri and Mississippi Railroad Company, which is all it is required or has authority to do. See *Supervisors* v. *United States*, 18 Wall. 71.

As soon as the Supreme Court of Missouri decided in 1874 that the county court of Macon County — and the Knox County bonds were the same in form, *mutatis mutandis*, as the Macon County bonds, and issued under the same charter — had no legal authority to levy any other or greater tax than one twentieth of one per cent, the county court of Knox County ceased to levy any other or greater tax than one twentieth of one per cent. This it has levied every year. *Daviess County* v. *Dickinson*, 117 U. S. 657; *Merchants' Bank* v. *Bergen County*, 115 U. S. 384; *Marsh* v. *Fulton County*, 10 Wall. 676; *Norton* v. *Shelby County*, 118 U. S. 425.

If the defendants were required by mandamus to levy a special tax to pay the relator's judgment, it would be a direct violation of the laws of the state of Missouri.

MR. JUSTICE MATTHEWS, after stating the case as above reported, delivered the opinion of the court.

It is not denied, and has been so decided by the Supreme Court of Missouri, that, under § 17 of the General Railroad Law, just cited, the county court of a county was authorized to subscribe to the stock of railroad companies, though created by special charter, provided the requisite assent of the qualified voters was duly obtained. *Cape Girardeau, &c., County* v. *Dennis*, 67 Missouri, 438; *Chouteau* v. *Allen*, 70 Missouri, 290.

It is also not denied, that, by virtue of § 18 of the General Railroad Law, the special tax therein provided may be levied for the purpose of paying bonds issued in pursuance thereof, and that without limit as to its amount. *United States* v. *The County of Macon*, 99 U. S. 582. As the limit of taxation prescribed and permitted under § 13 of the act incorporating the Missouri and Mississippi Railroad Company, to be levied in payment of bonds issued thereunder, was not to exceed one-twentieth of one per cent upon the assessed value of the taxable property for each year, the contention of the respondents in the Circuit Court was, that they were entitled to show by the recitals in the bonds themselves, in contradiction to those contained in the judgment founded upon them, that they were in fact issued under the charter of the corporation, and not under the general law. On this point, the judgment of the Circuit Court was in their favor, denying to the relator the peremptory writ of mandamus, and this decision is now alleged as error, for which the judgment should be reversed.

The question is, whether the respondents below are estopped in this proceeding by the judgment in favor of the relator against the county of Knox on the bonds, to deny that the bonds were issued in pursuance of § 17, c. 63, of the General Statutes of Missouri of 1866. The averment to that effect in

the petition in the action, if material and traversable, was confessed by the default. The judgment recites that the action is founded upon certain bonds and coupons for interest thereon issued by said defendant and described in the petition. The averment as to the character of the bonds, and the grounds and authority upon which they were founded, so as to constitute them legal obligations of the county of Knox, contained in the petition, was clearly material to the plaintiff's cause of action. If the defendant had denied it by a proper pleading, the fact would have been put in issue, and the plaintiff would have been bound to prove it.

It was part of the plaintiff's case to show, not merely the execution of the bonds by the county authorities, but that they were issued in pursuance of a law making them the valid obligations of the county. The power to issue such securities does not inhere in a municipal corporation, so as to be implied from its corporate existence; it must be conferred, either in express words, or by reasonable intendment; and if the authority to issue them in a given case is challenged by a proper denial, the plaintiff is put to the proof. What it is necessary for him to prove, it is proper for him to allege, and the allegation must be proven as made. It follows, therefore, that if a denial had been made in the action on the bonds in question, the averment that they were issued under § 17, c. 63, of the General Statutes of Missouri of 1866, would have been material and traversable, and proof of the fact would have been necessary to support the recovery. In the absence of a denial, the fact as stated in the petition of the plaintiff is confessed by the default, and stands as an admission on the record, of its truth by the defendant. It is quite true that the judgment would have been the same whether the authority to issue the bonds was derived under the general statutes or under the charter of the railroad company, but good pleading required that the fact, whichever way it was, should be stated, and when stated the averment must be proved as laid.

As this is a direct proceeding upon the judgment, its effect as an estoppel is determined by the first branch of the rule as laid down in *Cromwell* v. *County of Sac*, 94 U. S. 351, 352.

That is: "It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." And as stated in *Burlen* v. *Shannon*, 99 Mass. 200, 203, "The estoppel is not confined to the judgment, but extends to all facts involved in it, as necessary steps or the groundwork upon which it must have been founded." It is none the less conclusive because rendered by default. "The conclusiveness of a judgment upon the rights of the parties does in nowise depend upon its form or upon the fact that the court investigated or decided the legal principles involved; a judgment by default or upon confession is in its nature just as conclusive upon the rights of the parties before the court as a judgment upon a demurrer or verdict." *Gifford* v. *Thorn*, 9 N. J. Eq. (18 Stockton) 702, 722. The bar is all the more perfect and complete in this proceeding because it is not a new action. Mandamus, as it has been repeatedly decided by this court, in such cases as the present, is a remedy in the nature of an execution for the purpose of collecting the judgment. *Riggs* v. *Johnson County*, 6 Wall. 166 ; *Supervisors* v. *Durant*, 9 Wall. 415 ; *Thompson* v. *United States*, 103 U. S. 480, 484. Certainly nothing that contradicts the record of the judgment can be alleged in a proceeding at law for its collection by execution.

In *Ralls County* v. *United States*, 105 U. S. 733, 734, the Chief Justice said : "In the return to the alternative writ many defences were set up which related to the validity of the coupons on which the judgment had been obtained, as obligations of the county. As to these defences, it is sufficient to say it was conclusively settled by the judgment, which lies at the foundation of the present suit, that the coupons were binding obligations of the county, duly created under the authority of the charter of the railroad company, and as such entitled to payment out of any fund that could lawfully be raised for that purpose. It has been in effect so decided by the Supreme Court of Missouri in *State* v. *Rainey*, 74 Missouri, 229, and the principle on which the decision rests is elementary."

As the execution follows the nature of the judgment, and its precept is to carry into effect the rights of the plaintiff as declared by the judgment, with that mode and measure of redress which in such cases the law gives, so the mandamus in a case like the present can be limited in its mandate only by that which the judgment itself declares.

It was said, however, in *Ralls County* v. *The United States,* 105 U. S. 733, 735, that "while the coupons are merged in the judgment, they carry with them into the judgment all the remedies which in law formed a part of their contract obligations, and these remedies may still be enforced in all appropriate ways, notwithstanding the change in the form of the debt." It is argued from this, that, as the remedies to be resorted to for the purpose of enforcing the judgment are those given by the original contract, it is necessary to ascertain from the contract itself what those remedies are; but that is the very matter which has been already passed upon in the judgment, which decides, in the present case, by its recital, the character and extent of the obligation created by the law of the contract. It may well be that in a case where the record of the judgment is silent on the point, the original contract may be shown, notwithstanding the merger, to determine the extent of the remedy provided by the law for its enforcement; but that is not admissible where, as in this case, the matter has been adjudged in the original action. Indeed, in view of the nature of the remedy by mandamus, as the means of executing the judgment, it is all the more material and important that the judgment itself should determine the nature of the contract and the extent of its obligation. The averment in the original petition that the bonds were issued under the authority of a particular statute becomes, therefore, an additional element in the plaintiff's case in that action for the purpose of showing with certainty what is the mode and measure of redress after judgment. By the terms of the judgment in favor of the relator it was determined that the bonds sued on were issued under the authority of a statute which prescribed no limit to the rate of taxation for their payment. In such cases, the law which authorizes the issue of the bonds gives also the

means of payment by taxation. The findings in the judgment on that point are conclusive. They bind the respondents in their official capacity, as well as the county itself, because, as was said in *Labette County Commissioners* v. *Moulton*, 112 U. S. 217, they are " the legal representatives of the defendant . in that judgment, as being the parties on whom the law .has cast the duty of providing for its satisfaction. They are not strangers to it as being new parties on whom an original obligation is sought to be charged, but are bound by it as it stands without the right to question it, and under a legal duty to take those steps which the law has prescribed as the only mode of providing means for its payment."

The return of the respondents, therefore, to the alternative writ of mandamus is insufficient in law, and the Circuit Court erred in not awarding to the relator a peremptory writ of mandamus. For that error

*The judgment is reversed, and the cause remanded, with directions to award a peremptory mandamus.*