# CHARLESTON.

### MARY J. GRASS v. JAMES McMULLEN.

Submitted April 13, 1920.    Decided April 20, 1920.

1.  JUDGMENT—*Extent of Doctrine Res Judicata Stated.*

    The doctrine of *res judicata* extends no further than to bind the parties and their privies by the judgments and decrees entered by a court of competent jurisdiction in a cause pending before it. (p. 218).

2.  SAME—*Decree Awarding Custody of Children not Res Judicata of Third Person's Claim Thereto Based on Right Accruing Prior to Decree.*

    Where in a divorce suit a decree is entered awarding the custody of the children to the wife, and after her death a subsequent decree is entered on motion of the husband awarding the custody of the children to him, such subsequent decree is not *res judicata* of the claim of the grandmother of such children to have their custody and control, based upon a right accruing to her prior to the entry of the decrees in the divorce suit. (p. 218).

Error to Circuit Court, Cabell County.

Petition by Mary J. Grass for the custody of her infant grand-daughter, contested by James H. McMullen, the child's father. Judgment for defendant, and petitioner brings error.

-                *Reversed and remanded.*

*J. W. Perry,* for plaintiff in error.
*Morgan Owen,* for defendant in error.

RITZ, JUDGE:

This is a contest over the custody and control of the infant daughter of the defendant and granddaughter of the plaintiff. The petition alleges that the plaintiff was the mother of Ida V. McMullen, the wife of the defendant; that soon after the marriage of the defendant with the said Ida V. McMullen his conduct toward her became cruel and inhuman, and that on some occasions he drove her from his home, and that during their married life the petitioner, the mother of the said Ida V. McMullen, provided for her support and the support of her two children; that shortly after the defendant had abandoned his said wife and driven her from home, and while she and the children were living at the home of the plaintiff, and being maintained and supported by her, the said defendant transferred to the petitioner the custody of both of his infant children, on many occasions stating to her that she might have them and care for them, and expressing his desire that they should remain with petitioner; that pursuant to these declarations and agreements petitioner did take the children, and has ever since provided for them, clothed them, sent them to school, and cared for them in every way, without any contributions or assistance from the defendant; that one of said children is now seven and the other nine years of age; that a short time before the institution of this proceeding the defendant through artifice succeeded in getting one of the children away from the home of petitioner, and has since refused to allow her to return. Petitioner avers that she has considerable means; that she is very fond of the two children, having raised them from infancy, one of them having been born in her house, and lived with her ever since its birth; while the defendant is a man

of no property, has never had any paternal relations with the children, and has never shown them any care or attention. Not only this, but the averment is made that before his third wife, who was the mother of these children, had procured an absolute divorce from him, he contracted a bigamous marriage with another woman.

The defendant appeared to this writ and answered the same, averring that his third wife, the mother of his children, had procured a divorce from him, and also procured an order granting her the custody of the children; that she had since departed this life, and that after her death, upon a showing of this fact, he procured an order to be entered in the divorce suit changing the custody of the children, and giving the same to him, and insisting that this order is *res judicata* of the questions involved here. The circuit court, without inquiring into the merits of the controversy, held that the decree entered in the divorce suit changing the custody of the children, even though entered after the death of the plaintiff therein, fixed the custody of these children in the defendant, and that there was no jurisdiction to change their custody except in the court in which the divorce suit was pending. It is a little difficult to understand upon what theory a decree in a suit between husband and wife, in which is involved their marital rights, including the custody of their children as between them, could be held as *res judicata* of the rights of a third party in no wise connected with the suit, and which asserted rights accrued long before the alleged divorce suit. The doctrine of *res judicata* extends no further than to bind the parties and their privies by the judgment or decree of the court in a suit in which it has jurisdiction. Those who are not parties to that suit nor in privity with the parties, who have no right to make defense to it, who cannot appeal from an adverse decree or judgment, are not bound by the judgment or decrees entered therein. Van Fleet's Former Adjudication, § 1 &c.; 15 R. C. L., Title "Judgments" § 429 &c.; *Long* v. *Willis,* 50 W. Va. 341; *Carter* v. *Washington,* 2 H. & M. 345. It is quite true that upon the death of the wife, if there were no other interest involved, the custody of the children would go to the husband, conceding that he was a proper person to have such custody, and the authorities cited by the defendant in

error hold no more than this. Where the right to the custody and control of the children is asserted by a third-party under a contract entered into with the husband before the divorce decree, and facts are alleged which would constitute the father an improper person to have their custody, or show that the welfare of the children requires that their custody be given to such third party, a decree or judgment entered in a suit between the husband and wife would not even be evidence to affect the rights of such party. The court should proceed to hear the case upon the issues made upon the merits, keeping in view that the guiding influence is the welfare of the children. Of course the claims of parents to the custody of their children are to be preferred over those of strangers, or of those more distantly related, but when it appears that the parents have willingly cast the custody and care of their offspring upon others, and have shown no disposition to make suitable provision for them, and such other parties have made suitable provision for them under such agreement for their custody and control, and are willing to continue the same, and have the means with which to do it, and such a relationship has grown up between the child and the parties so standing *in loco parentis* as would make it not only to the material disadvantage of the child to discontinue it, but also deprive it of the care and affection to which it had been accustomed, courts will not give great weight to the claims of the parents. *Green* v. *Campbell,* 35 W. Va. 698. In this case the court below should have disregarded the defense of *res judicata* set up, and should have proceeded to try the case upon the issues made by the writ, and so much of the return as denies the allegations upon which relief is sought, that is, that the defendant gave the custody and control of his children to the petitioner, that he is not a proper person to have the custody of the infant child involved here, and that the welfare of said child demands that it be remanded to the custody of the petitioner.

It is argued that the petitioner testified in the divorce suit, after she claims the right to the custody of these children accrued to her under the arrangement set up in the petition, that their mother was a proper party to have their custody and control. Assuming this to be true, it could have no effect upon

the claim here asserted by her against the father of the children. It was only evidence bearing upon the relative rights of the parties to the suit, and not upon the right of the petitioner against the father.

We therefore reverse the judgment of the circuit court, and remand the cause for trial.

*Reversed and remanded.*