W. A. FOSTER *et al v.* CITY OF CHARLESTON

(No. 7329)

Submitted September 7, 1932.    Decided September 13, 1932.

W. W. Wertz and S. H. Ballard, for relators.
Charles Ritchie, and Philip H. Hill, for respondent.

MAXWELL, JUDGE:

By this proceeding in mandamus the relators would require the city of Charleston to lay a sufficient levy upon the taxable property within the corporate limits of said city to

pay to them the sum of $3,116.24 on account of assessments paid by them for the paving of Beech Avenue between Hazel and Laurel Avenues in said city in 1918.

Upon completion of the paving, W. A. Foster and others, relators, owners of properties abutting said improved section, prior to the laying of the assessments protested against there being included by the city engineer in his estimate certain charges on ''force account'' as partial basis upon which the several assessments should be laid. A committee of the council was appointed November 18, 1918, to investigate the matter.

Action on the engineer's report was deferred pending report of the committee. The committee reported October 20, 1919, that the settlement with the contractor should be on the basis of the contract. (''Force acount'' not included.) Final report of the engineer was filed on the same date, and opportunity was afforded persons interested to make objections pursuant to notice which is recited to have been given. The record does not disclose that any objections were then made. Thereupon, on said date, the assessment was laid.

The council by resolution of April 18, 1921, recited that through mistake an excessive amount had been included in the assessment of October 20, 1919, and directed the city engineer to submit a corrected report. By order of May 2, 1921, council specifically directed the engineer to base his revised report on the bid and proposal of the contractor for the paving of Beech Avenue, ''but excepting therefrom the amount charged to 'force account', amounting to $3,116.24.''

By the said resolution of April 18, 1919, the council sought to recall and cancel the said certificates. The certificates, however, were not in fact surrendered or cancelled.

Later, presumably in April, 1925, W. A. Foster, relator, appearing on behalf of himself and others interested, petitioned council for reimbursement of the said parties in the said sum of $3,116.24. This resolution was referred at different times to different committees of the council. By order of April 4, 1927, the council ordered that the said claim be paid. It is on that order that this mandamus proceeding is predicated.

512

Prior to the date of the order last mentioned, the Central Trust Company, trustee for the assignees of certain paving certificates which had been issued by the city of Charleston to the contractors for the paving of the portion of Beech Avenue already mentioned, instituted in the circuit court of Kanawha County a chancery suit against Frank Conklin (one of the relators herein) for the purpose of enforcing against his property the lien of the certificates pertaining thereto.

In that suit the defendant challenged the validity of the liens of the paving certificates in so far as predicated on the so-called ''force account'', that is, the aforementioned sum of $3,116.24. Upon full hearing, the court found against the contention of the defendant and sustained without qualification the lien of the certificates involved in the suit.

Having in mind that Conklin, defendant in said chancery suit, is one of the relators in this mandamus proceeding, and that the basic sum then involved is the identical sum here in controversy, insistence is made by the respondent that under the principle of *res adjudicata* the relators have no standing in court for their present contention. This position is not well taken as to either Conklin or his associates for ''the doctrine of *res adjudicata* extends no further than to bind the parties and their privies.'' *Grass* v. *McMullen,* 86 W. Va. 216, 103 S. E. 51, 52. There was no adjudication between Conklin and the city, and Conklin's co-relators in the present proceeding were not even parties to the chancery cause.

From the recited chronology it is evident that the affairs of October 20, 1919, are of vital significance. The councilmanic order of that date recites that notice as required by statute had been given to all parties who might be interested to make protest. It is insisted by respondent that relators are precluded from the relief they now seek because they did not then object to the assessments, and it is argued, ''This would not only have prevented the passing of the certificates into the hands of innocent purchasers, but would have given the city an opportunity to compel the surety on the contractor's bond to pay the cost of doing the extra work made necessary by the carelessness or negligence of the contractor.''

The council admittedly made a mistake by including in the assessment of October 20, 1919, $3,116.24 which it had not intended to include. Objection to the inclusion of this amount had been made by the property owners immediately after the completion of the paving, but they seem not to have made any protest following the publication of notice as required by the city charter and immediately prior to the laying of the assessment October 20, 1919. Thus, both the city and the property owners were at fault.

Inasmuch, however, as the property owners had in the first instance specifically directed attention of council to the "force account" and had objected to its inclusion in the assessment, and council having sustained that contention, we are of opinion that the city should stand responsible for the later improper inclusion of the "force account" in the assessment.

It was a primary duty of the council to take care of this situation at the time the assessment was laid. A protest by relators immediately before action was taken in laying the assessment would not have given to council any information not already possessed by it as a result of earlier protest by the same parties. Therefore, the city cannot in reason be heard to object that no protest was then made.

Council, at a later date (April 18, 1921), by formal resolution, having recognized its mistake in the amount of the assessment, and by formal action of April 4, 1927, having ordered reimbursement of the interested parties in the said sum of $3,116.24, it appears that said parties have plain legal right to be paid said sum. The city, within a reasonable time, should lay sufficient levy to discharge the debt with interest.

It would have been better procedure under the modern practice for the councilmen of the city to have been joined as respondents. 6 McQuillin on Municipal Corporations, p. 652. But there is no point made of their non-joinder.

*Writ awarded.*