## CITY OF WHEELING et al. v. JOHN F. CASEY CO.

No. 4052.

Circuit Court of Appeals, Fourth Circuit.

Oct. 6, 1936.

Jay T. McCamic, of Wheeling, W. Va. (Charles McCamic, Russell B. Goodwin, and Benjamin L. Rosenbloom, all of Wheeling, W. Va., on the brief), for appellants.

James B. Riley, of Wheeling, W. Va. (T. S. Riley and Robert J. Riley, both of Wheeling, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a suit in equity brought in January, 1936, by the appellee, a Pennsylvania corporation, herein referred to as the plaintiff, against the appellants, citizens of West Virginia, herein referred to as the defendants, in the District Court of the United States for the Northern District of West Virginia. Of the defendants Harry J. Humphrey was manager, Charles F. Schultze was mayor and member of the council, and Benjamin L. Rosenbloom, Russell B. Goodwin, Chester W. McElroy, John J. Mathison, Paul Duffy, E. W. S. Neff, and Dr. M. Gaydosh were members of council of the city of Wheeling, a municipal corporation of the state of West Virginia. The object of this suit was to enjoin the defendants from paying out certain moneys in the hands of the defendant the city of Wheeling. In June, 1932, the plaintiff had secured a judgment for $75,000 against the city of Wheeling in a suit growing out of a contract for the erection of the city's water works. This judgment was affirmed by this court in January, 1935. 74 F.(2d) 794. And certiorari was denied by the Supreme Court in October, 1935. 296 U.S. 593, 56 S.Ct. 106, 80 L.Ed. 420. On November 29, 1935, the plaintiff served defendants with a notice that on the 7th day of December, 1935, it would make application to the District Court of the United States for the Northern District of West Virginia for a writ of mandamus directing the defendants to pay the said judgment, and further praying that if there were not sufficient funds belonging to the city available for such payment, such of the defendants as constituted the tax levying body of the municipality be commanded to lay a special levy in sufficient amount to satisfy said judgment.

For several years the city of Wheeling had been engaged in litigation with the Natural Gas Company of West Virginia, and in August, 1935, there was effected a compromise by reason of which the Gas Company paid to the city the sum of $117,-326.86. At the time of the receipt of this sum the city paid from it $43,879.28, attorneys' and engineering fees incurred in the course of the litigation. The remainder of the fund, $73,447.58, was, by an ordinance enacted on the 20th day of August, 1935, set aside as a separate fund that could not be used without the authority of the city council. There had been provided for, in the annual budget for said city, prior to the settlement with the Gas Company, money to pay said attorneys' and engineering fees, and this money so provided for would become available on the collection of the city's taxes for the year 1935-36.

On December 3, 1935, after receiving notice of the application for a mandamus, an ordinance was passed by the city council appropriating the said sum paid by the Gas Company ($117,326.86) for various pur-

poses. This ordinance read, in part, as follows:

"By reason of a recovery by the City of Wheeling of certain advances of tax money in the sum of $117,326.86 for the conduct of litigation in reducing gas rates in the City of Wheeling, and further

"By reason of the fact that the department of the City of Wheeling, due to the limitation in taxes, have had insufficient sums allotted to them in the said 'budget' to carry on their absolutely necessary governmental activities, and further

"By reason of the dire distress and uncertainties which surround the continuance of relief in the County of Ohio and the City of Wheeling, and further

"By reason of the fact that the City of Wheeling has heretofore made commitments for the purchase of materials in excess of $60,000 in order to obtain Public Works Authority Funds from the Federal Government for the repair of its streets and sidewalks in certain sections of the City, so as to provide relief work for the unemployed citizens of Wheeling, the said Council of the City of Wheeling doth now ordain, authorize and direct the expenditure of the said funds in the sums and for the purposes following:"

On December 7, 1935, the mandamus petition was filed in open court and an amendment made thereto. A supplemental petition was also filed by the plaintiff setting forth the receipt of the money from the Gas Company and the passage of the ordinance of December 3, 1935, and asking that the ordinance be ordered rescinded and a part of the unappropriated funds (received from the Gas Company), sufficient to pay plaintiff's judgment, be ordered applied to the satisfaction of same. The defendants filed demurrers to the mandamus petition and to the supplemental petition. A temporary restraining order was issued by the court directing that the fund in question be not expended until the further order of the court.

The respondents in the suit for mandamus gave notice that they would move to dissolve the temporary restraining order on January 24, 1936, and on January 22, 1936, the plaintiff instituted this suit in equity, setting up in the bill the facts with regard to their judgment, charging that the ordinance of December 3, 1935, was passed by the council of the city with the deliberate purpose of defeating the collection of plaintiff's judgment, and praying for a temporary injunction holding matters in status quo, with reference to the fund in question, until the entry of a final order in the mandamus proceeding.

The motion to dissolve the temporary restraining order in the law action, as well as the application for a temporary injunction in this suit, came on to be heard on the 24th day of January, 1936, at which time the defendants filed their answers to the bill and testimony was taken. The matters were further heard on the 29th day of January, 1936, at which time the plaintiff moved for the issuance of a temporary injunction.

At the conclusion of the hearing the court held that the plaintiff was entitled to an injunction, and on January 31, 1936, an order was entered stating certain findings of fact and conclusions of law and enjoining the defendants from using, paying out, or expending any part of the fund in question, up to the amount necessary to satisfy plaintiff's judgment, until the final adjudication of the mandamus proceeding. From this action of the court below this appeal was brought.

Two questions are presented on this appeal: (1) Whether the court below had the power to direct the payment of plaintiff's judgment out of the particular fund received from the Gas Company, and (2) whether the plaintiff had, in its mandamus suit, an adequate remedy at law.

 It is well settled that in a proper case an equity suit may be brought in aid of an action for a mandamus, but it is equally well settled that, under our system of government, the executive, legislative, and judicial departments are independent of each other. Courts have invariably refused to invade the province of legislative bodies. While there may be a well grounded suspicion that the city council passed the ordinance in question for the purpose of delaying and even evading the payment of plaintiff's judgment, yet a court would not for that reason be justified in inquiring into the motives that controlled the members in passing the ordinance.

"And the rule is general, with reference to the enactments of all legislative bodies, that the courts cannot inquire into the motives of the legislators in passing them, except as they may be disclosed on the face of the acts." Soon Hing, Plff., v. P. Crowley, Chief of Police, 113 U.S. 703, 5 S.Ct. 730, 734, 28 L.Ed. 1145.

See, also, Schoenfeld v. City of Seattle (D.C.) 265 F. 726; Thompson v. Town of Lumberton, 182 N.C. 260, 108 S.E. 722; Davis v. Point Pleasant, 32 W.Va. 289, 9 S.E. 228; Point Pleasant Bridge Co. v. Point Pleasant, 32 W.Va. 328, 9 S.E. 231; Clein v. City of Atlanta, 164 Ga. 529, 139 S.E. 46, 53 A.L.R. 933; McQuillin (2d Ed.) § 739, and cases cited; Dillon (5th Ed.), § 580.

■ To reach the conclusion that the particular fund here in question should be used to satisfy plaintiff's judgment would necessitate an inquiry into the finances of the city and its necessities in great detail, a course the courts have neither the machinery nor the power to pursue even should they have the inclination to do so.

"But the question, what expenditures are proper and necessary for the municipal administration, is not judicial; it is confided by law to the discretion of the municipal authorities. No court has the right to control that discretion, much less to usurp and supersede it. To do so, in a single year, would require a revision of the details of every estimate and expenditure, based upon an inquiry into all branches of the municipal service; to do it, for a series of years, and in advance, is to attempt to foresee every exigency and to provide against every contingency that may arise to affect the public necessities." City of East St. Louis et al. v. United States ex rel., John F. Zebley, 110 U.S. 321, 4 S.Ct. 21, 22, 28 L.Ed. 162.

■ The council of the city is a legislative body vested with the control and management of its finances and equity will not interfere with the exercise of the legislative function. City of Charleston v. Littlepage, Judge et al., 73 W.Va. 156, 80 S.E. 131, 51 L.R.A.(N.S.) 353; Mann et al. v. County Court, 58 W.Va. 651, 52 S.E. 776.

A case of abuse of power and fraud is necessary before this fundamental rule may be disregarded. Lockwood v. City of Portland et al. (C.C.A.) 288 F. 480.

Decisions relied upon on behalf of the plaintiff do not go to the extent of justifying the invasion of the province of a legislative body exercising its proper function and are not controlling.

■ As to the second question, we are of the opinion that the plaintiff has an adequate remedy at law and will not suffer irreparable injury if the status quo is not maintained, and that therefore equity is without jurisdiction.

The plaintiff has a valid and final judgment against the city of Wheeling, and the proper remedy to enforce the collection of the judgment is mandamus. Riggs v. Johnson County, 6 Wall. 166, 18 L.Ed. 768; Board of Com'rs of Knox County v. Aspinwall, 24 How. 376, 16 L.Ed. 735; State of Arkansas ex rel. Utley v. St. Louis, etc., Ry. Co., 269 U.S. 172, 46 S.Ct. 66, 70 L. Ed. 210; Louisiana ex rel. Southern Bank v. Pilsbury, 105 U.S. 278, 26 L.Ed. 1090; Fisher v. City of Charleston, 17 W.Va. 595, 597.

Such a judgment cannot be attacked collaterally. A judgment "is a finality as to the claim or demand in controversy * * * not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195, quoted with approval in U. S. ex rel. Harshman v. Knox County Court, 122 U. S. 306, 318, 7 S.Ct. 1171, 1176, 30 L.Ed. 1152. In the latter case the court said: "The bar is all the more perfect and complete in this proceeding because it is not a new action. Mandamus, as it has been repeatedly decided by this court in such cases as the present, is a remedy in the nature of an execution for the purpose of collecting the judgment." Citing cases.

See, also, Commonwealth of Virginia v. State of W. Va., 246 U. S. 565, 38 S.Ct. 400, 59 L.Ed. 1272; Louisiana ex rel. Nelson v. St. Martin's Parish, 111 U.S. 716, 4 S.Ct. 648, 28 L.Ed. 574; Rock Island County Supervisors v. U.S. ex rel. State Bank, 4 Wall. 435, 18 L.Ed. 419; U. S. ex rel. Ranger v. New Orleans, 98 U.S. 381, 25 L.Ed. 225; State ex rel. Smith v. Hall, 94 W.Va. 400, 119 S.E. 166; Lough v. Taylor, 97 W.Va. 180, 124 S.E. 585; Chanute v. City of Trader, 132 U.S. 210, 10 S.Ct. 67, 33 L.Ed. 345; Mayor, etc., of City of Helena v. U. S. (C. C.A.) 104 F. 113; Commissioners of Santa Fe County v. Territory of New Mexico, 215 U.S. 296, 302, 30 S.Ct. 111, 54 L.Ed. 202.

So far as the record discloses, the city of Wheeling is solvent, and while the mandamus proceeding has not been passed upon, it seems to us clear that mandamus to compel the laying of a levy to pay the plaintiff's judgment is the proper remedy.

The court below has the power to order the laying of such a levy in the event of the continued refusal to make some provision for the satisfaction of the judgment, a contingency we will not anticipate. This being true, no irreparable injury will result to the plaintiff if it is not paid out of the particular fund in question. That the judgment is valid cannot be questioned, and that the city would seek to evade its payment by unfair means is not to be presumed.

A number of arguments as to why the judgment should not be paid are advanced on behalf of the defendants, but in view of our conclusions as stated they need not be discussed here. They will properly arise in the mandamus action.

The court below did not have jurisdiction to direct or control the disposal of the particular fund received from the Gas Company; the plaintiff has an adequate remedy at law; and no irreparable injury will result to the plaintiff if the city ordinance of December 3d remains in force. The order of the court below granting the injunction is accordingly reversed, and the cause remanded, with direction to dissolve the injunction and dismiss the bill.

Reversed.